**THOMAS, THOMAS & HAFER, LLP**
**By: Michael J. Bishop, Esquire**
**Attorney Identification No. 072342013**
**Perryville Corporate Park, Perryville III**
**53 Frontage Road, Suite 117**
**Hampton, NJ 08827-4031**
**908-574-0510**
**mbishop@tthlaw.com**

| | |
|---|---|
| **Attorneys for Defendant:** | **Wal-Mart Stores, Inc. (properly identified solely as Wal-Mart Stores East, L.P.)** |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA OROSCO, <br><br>           Plaintiff, <br><br> vs. <br><br> WAL-MART STORES, INC., JOHN DOE (1-5), a fictitious name for a person unknown, ABC CORP. (6-10), a fictitious name for a corporation unknown, <br>           Defendants | CIVIL ACTION <br><br> CASE NO.: 2:22-cv-05772 <br><br> JURY TRIAL DEMANDED |

### ANSWER AND AFFIRMATIVE DEFENSES
### TO PLAINTIFF'S COMPLAINT IN CIVIL ACTION

Defendant Wal-Mart Stores, Inc. (more properly identified solely as Wal-Mart Stores East, L.P. and hereinafter referred to as "Answering Defendant"), by way of Answer to Plaintiff's Complaint, says:

### FIRST COUNT

1.  Admitted in part; denied in part. It is admitted only that Plaintiff was present at the Walmart store, located at 189 US Highway 46, Saddle Brook, Bergen County, New Jersey on the referenced date. The remaining averments are denied as legal conclusions to which no response is required. To the extent the averments are deemed factual in nature, they are denied.

2.  Admitted in part; denied in part. It is admitted only that Wal-Mart Stores East, LP operated the subject premises at all material times. The remaining averments are denied.

3. The allegations set forth in this paragraph are directed to another Defendant; therefore, no answer is required by Answering Defendant. However, insofar as any wrongdoing is expressed or implied in these paragraphs against Answering Defendant, they are denied.

4. The allegations set forth in this paragraph are directed to another Defendant; therefore, no answer is required by Answering Defendant. However, insofar as any wrongdoing is expressed or implied in these paragraphs against Answering Defendant, they are denied.

5. The allegations of negligence set forth in this paragraph of the Complaint are denied as legal conclusions. By way of further response, Answering Defendant lacks sufficient knowledge and information to admit or deny the allegations concerning Plaintiff's claimed injuries, harms and losses contained in Paragraph 5 of this Count of the Complaint and therefore leaves Plaintiff to her proofs.

6. The allegations of wrongdoing set forth in this paragraph of the Complaint are denied as legal conclusions and all questions of law are referred to the Honorable Court.

**WHEREFORE,** Answering Defendant Wal-Mart Stores, Inc. (more properly identified solely as Wal-Mart Stores East, L.P.), demand judgments in its favor and against Plaintiff and the dismissal of Plaintiff's Complaint, as well as any other relief to which it may be entitled.

**<u>SECOND COUNT</u>**

1. Answering Defendant repeats and makes a part hereof all of its responses to the allegations contained in the First Count of the Complaint.

2. The allegations of negligence set forth in this paragraph of the Complaint are denied as legal conclusions. By way of further response, Answering Defendant lacks sufficient knowledge and information to admit or deny the allegations concerning Plaintiff's claimed injuries, harms and losses contained in Paragraph 5 of this Count of the Complaint and therefore leaves Plaintiff to her proofs.

3.      The allegations set forth in this paragraph of the Complaint are denied as stated as to Answering Defendant and all questions of law are referred to the Honorable Court. By way of further response, Answering Defendant lacks sufficient knowledge and information to admit or deny the allegations concerning Plaintiff's claimed injuries, harms and losses contained in Paragraph 5 of this Count of the Complaint and therefore leaves Plaintiff to her proofs.

**WHEREFORE,** Answering Defendant Wal-Mart Stores, Inc. (more properly identified solely as Wal-Mart Stores East, L.P.), demand judgments in its favor and against Plaintiff and the dismissal of Plaintiff's Complaint, as well as any other relief to which it may be entitled.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth causes of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff failed to take due care for her own safety.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of her own contributory negligence or, alternatively, Plaintiff's damages, if any, are reduced by the percentage of her comparative negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, *et seq.* and common law.

### FOURTH AFFIRMATIVE DEFENSE

Answering Defendant had no actual or constructive notice of any condition alleged by Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff failed to avoid an open and obvious condition and/or assumed the risk of injury.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant breached no duty to the Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

Answering Defendant is entitled to a credit of set-off with respect to any collateral payments made to Plaintiff for injuries arising from the wrong alleged pursuant to N.J.S.A. 2A:15-97, and *Perreira v. Rediger*, 169 N.J. 399 (2001), including, but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

**EIGHTH AFFIRMATIVE DEFENSE**

The alleged incident complained of resulted from circumstances beyond the control of Answering Defendant.

**NINTH AFFIRMATIVE DEFENSE**

While denying the allegations in the Complaint regarding damages allegedly sustained by Plaintiff, Answering Defendant states that if Plaintiff proves such damages, they were caused by superseding and intervening acts, negligence and/or fault of other parties or entities over whom Answering Defendant had no control, nor right of control, and for whose actions Answering Defendant is not and cannot be liable.

**TENTH AFFIRMATIVE DEFENSE**

If Plaintiff failed to follow the advice and direction of her health care providers regarding recommended treatment, then Plaintiff's recovery is barred or reduced by her failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Answering Defendant demands apportionment for any and all monies paid due to acts, conduct, or negligence, committed by any co-defendant, third-party defendant, settled defendant, dismissed parties, or parties that were not joined by Plaintiff within the applicable statute of limitations.

4

## TWELFTH AFFIRMATIVE DEFENSE

Answering Defendant incorporates by reference all affirmative defenses asserted by any co-defendant or third-party defendant in this action, whether such defense was asserted prior or subsequent to this pleading.

## THIRTEENTH AFFIRMATIVE DEFENSE

Answering Defendant complied with all applicable rules, regulations, codes, ordinances and/or statutes pertaining to the premises identified.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrines of Waiver and Estoppel.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant had no notice of the allegedly dangerous condition.

## FIFTEENTH AFFIRMATIVE DEFENSE

The negligence, if any, on the part of Answering Defendant, which is specifically denied, was not the proximate cause of any injury or damages that may have been sustained by Plaintiff.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages may be the result of pre-existing or unrelated medical conditions which were not caused or aggravated by any alleged act, omission or other conduct by Answering Defendant.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Doctrine of Res Judicata

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable Statute of Limitations.

## TWENTIETH  AFFIRMATIVE DEFENSE

Answering Defendant specifically reserves and asserts its right to plead additional defenses as discovery proceeds.

**WHEREFORE**, Defendant, Wal-Mart Stores East, L.P., demands judgment in its favor and against Plaintiff, together with attorney's fees, costs, and other amounts the Court deems necessary and proper.

**THOMAS, THOMAS& HAFER, LLP**

Attorneys for Defendant Wal-Mart Stores, Inc. (more properly identified solely as Wal-Mart Stores East, L.P.)

Dated:  October 4, 2022        By:    _____

Michael J. Bishop, Esquire

6

**THOMAS, THOMAS & HAFER, LLP**
**By: Michael J. Bishop, Esquire**
**Attorney Identification No. 072342013**
**Perryville Corporate Park, Perryville III**
**53 Frontage Road, Suite 117**
**Hampton, NJ 08827-4031**
**908-574-0510**
**mbishop@tthlaw.com**
**Attorneys for Defendant:**            **Wal-Mart Stores, Inc. (properly identified solely as Wal-Mart Stores East, L.P.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RITA OROSCO,<br>                    Plaintiff,<br><br>vs.<br><br>WAL-MART STORES, INC., JOHN DOE (1-5), a fictitious name for a person unknown, ABC CORP. (6-10), a fictitious name for a corporation unknown,<br>                    Defendants | CIVIL ACTION<br><br>CASE NO.: 2:22-cv-05772<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on OCTOBER 4, 2022, a copy of ***Defendant's Answer with Affirmative Defenses to Plaintiff's Complaint*** was served upon the following via electronic case filing and electronic mail:

Timothy S. Sellinger, Esquire
James G. Sellinger, Esquire
Sellinger & Sellinger, P.A.
1144 Clifton Avenue
Clifton, NJ 07013
tim@sellingerlaw.com
james@sellingerlaw.com
*Attorney for Plaintiff*

**THOMAS, THOMAS& HAFER, LLP**

Dated:  October 4, 2022            By:    _____
                                        Michael J. Bishop, Esquire

6122953.1

7